UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HACKNEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE FACILITY et al.,<br><br>　　　　　　Defendants. | No. 2:15-cv-2160 JAM CKD P (TEMP)<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10  However, in order to survive dismissal for failure to state a claim a complaint must contain more

11  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12  allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

13  U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17       The Civil Rights Act under which this action was filed provides as follows:

18  > Every person who, under color of [state law] . . . subjects, or causes
    > to be subjected, any citizen of the United States . . . to the
19  > deprivation of any rights, privileges, or immunities secured by the
    > Constitution . . . shall be liable to the party injured in an action at
20  > law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

27  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28  /////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff identifies Warden Duffy, Dr. Shehata, Dr. Nguyen, Dr. Ngan, and Nurse Prasad as the defendants in this action. Plaintiff's allegations are difficult to decipher, but he appears to take issue with medical care he received on December 13, 14, and 15, 2013. Specifically, plaintiff alleges that he urinated blood and clots for two days, but housing officers and nursing staff did not send him to an outside hospital for medical care. Instead, they sent him to the Standby Emergency Services Unit within California Health Care Facility. Defendant Dr. Nguyen, assisted by defendant Nurse Prasad, inserted a foley catheter in plaintiff that resulted in injuries to plaintiff's bladder, urethra, and other internal organs. On December 16, 2013, prison officials transported plaintiff to San Joaquin Hospital where he underwent surgery. According to plaintiff, a Dr. Alexander Liu said that plaintiff's foley catheter was inappropriately inflated. In terms of relief, plaintiff requests monetary damages. (Am. Compl. at 2-10.)

**DISCUSSION**

The allegations of plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal

3

1  Rule of Civil Procedure 8(a)(2), the court must dismiss plaintiff's amended complaint. In the
2  interest of justice, the court will grant plaintiff leave to file a final, second amended complaint.
3      If plaintiff chooses to pursue this action by filing a second amended complaint, he must
4  allege facts therein demonstrating how the conditions complained of resulted in a deprivation of
5  plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
6  1980). In addition, plaintiff must allege in specific terms how each named defendant was
7  involved in the deprivation of plaintiff's rights. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
8  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
9  1978). Vague and conclusory allegations of official participation in civil rights violations are not
10 sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
11     As this court previously advised plaintiff, to maintain an Eighth Amendment claim based
12 on inadequate medical care, he must allege facts showing that defendants acted with deliberate
13 indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976). In this regard,
14 plaintiff must allege how each defendant was involved in his medical care, explain why the care
15 he received was inadequate, and clarify what injury he suffered as a result of the defendant's
16 medical care. In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

24 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
25     Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth
26 Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the
27 indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or
28 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d

458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Also, delays in providing medical care may manifest deliberate indifference.  See Estelle, 429 U.S. at 104-05.  To establish a deliberate indifference claim arising from a delay in providing medical care, however, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett, 439 F.3d at 1096.

Finally, the undersigned observes that plaintiff has named Warden Duffy as a defendant in his amended complaint.  As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior.  The Ninth Circuit has made clear that a supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)).  If plaintiff wishes to proceed against Warden Duffy, he will need to allege facts in his second amended complaint clarifying the causal connection between the defendant and his alleged constitutional deprivations.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

Cir. 1967). Once plaintiff files a second amended complaint, his prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 17) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: March 11, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ec
hack2160.14am