UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HACKNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HEALTH CARE<br>FACILITY, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2160 JAM DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment based on medical care he received in December 2013 at the California Health Care Facility ("CHCF"). Before the court are plaintiff's "Motion for a Rand Warning" and his second amended complaint for screening. For the reasons set forth below, the court will deny the motion as moot and dismiss the second amended complaint with leave to amend.

## BACKGROUND

On screening, plaintiff's first two complaints were dismissed for failure to state a cognizable claim under § 1983 and plaintiff was given leave to file amended complaints. (Orders filed Nov. 18, 2015 and Mar. 11, 2016 (ECF Nos. 12 and 19).) On August 11, 2016, plaintiff

1

filed a second amended complaint. (ECF No. 32.) Three days later, on August 14, 2016, attorney Timothy McCandless file a third amended complaint on plaintiff's behalf. (ECF No. 33.)

In a filing dated November 9, 2016 and entitled "Motion for 'Rand Warning,'" plaintiff stated that he did not authorize McCandless to file a complaint on his behalf and requested an investigation into "this fraud." (ECF No. 36.) The court ordered McCandless to explain why he entered an appearance on plaintiff's behalf. (ECF No. 39.) McCandless filed a declaration on March 22, 2017. (ECF No. 41.) On April 12, plaintiff filed a statement that he had no objection to McCandless's representation. To clarify the record, on May 26, the court ordered McCandless to file a "Substitution of Attorneys" pursuant to Local Rule 182(g) within thirty days. McCandless and plaintiff were advised that if a Substitution of Attorneys was not filed, the court would assume plaintiff continues in this action in pro per and this case would proceed on the second amended complaint filed by plaintiff on August 11, 2016. (ECF No. 45.)

Thirty days have passed and neither a Substitution of Attorneys nor any other response to the court's May 26 order has been filed. Accordingly, this case proceeds on plaintiff's second amended complaint filed August 11, 2016. (ECF No. 32.)

**MOTION FOR "RAND WARNING"**

As described above, in this filing, plaintiff objected to McCandless's appearance on his behalf and requested an investigation by the attorney general. (ECF No. 36.) Since then, plaintiff has explained that he has no objection to McCandless's representation. (See Apr. 12, 2017 Response (ECF No. 43).) Accordingly, the court considers this motion moot.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations of the Second Amended Complaint**

In his second amended complaint ("SAC") filed August 11, 2016, plaintiff identifies the following defendants, all employed at CHCF: (1) Warden Brian Duffy; (2) Dr. M. Shehata; (3) Dr. H. Nguyen; (4) R.N. A. Prasad; and (5) R.N. O. Ngan. (SAC (ECF No. 32) at 3-4.) Plaintiff states that after he "first started bleeding," it took "medical staff" two days to get an "emergency unit" to the facility. He then states that defendants "surgically inappropriately tore a hole in my bladder damaging my prostatic urethra, and male reproductive organs." Plaintiff also states that defendants, particularly Dr. Nguyen who apparently performed the surgery, acted negligently as well as with deliberate indifference. Plaintiff seeks compensatory and punitive damages.

**III.    Does Plaintiff State a Cognizable Claim?**

Plaintiff has been advised twice previously that to establish a claim for deliberate indifference under the Eighth Amendment he must allege facts showing the following: (1) just how each defendant was involved in his medical care; (2) why the care was inadequate; (3) how each defendant's actions, or inactions, demonstrate that they were deliberately indifferent to plaintiff's medical needs; and (4) what injury plaintiff suffered as a result of the inadequate medical care. (See Nov. 18, 2015 Order (ECF No. 12) at 5-6; Mar. 11, 2016 Order (ECF No. 19) at 4-5.)

The court finds plaintiff's SAC fails to state a cognizable § 1983 claim against any defendant. First, with the exception of defendant Nguyen, plaintiff does not explain what any defendant did or did not do. Plaintiff must specifically identify each defendant by name and explain what he or she did or did not do and why it was medically unacceptable. Second, plaintiff states that defendant Nguyen "botched" his surgery. However, the fact that Nguyen may have been

4

negligent in performing the surgery is not enough. Plaintiff must show that what Nguyen did was so medically unacceptable that it shows Nguyen acted with deliberate indifference. Finally, plaintiff must show how he was injured. While plaintiff states that he suffered damage to his "prostatic urethra and male reproductive organs," he also indicates that another surgeon corrected those problems. Plaintiff must explain just what injuries he suffered as a result of any delays in medical care or "botched" surgery.

The court appreciates that plaintiff is attempting to state his claims in short and plain statements. However, plaintiff's SAC is not sufficiently specific. Plaintiff will be given one more opportunity to amend his complaint to attempt to state claims. The court reiterates that plaintiff must describe <u>each</u> defendant's actions or inactions and explain why those actions or inactions were not medically acceptable. Plaintiff is also reminded that his third amended complaint must be complete in itself. The court may not refer back to plaintiff's prior complaints to try to determine whether he states cognizable claims.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's "Motion for Rand Warning" (ECF No. 36) is denied as moot.
2. Plaintiff's second amended complaint (ECF No. 32) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order may result in dismissal of this action.

////
////
////
////
////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: July 11, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/hack2160.sac scrn