1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HACKNEY, | No. 2:15-cv-2160 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that prison staff at the California Health Care Facility delayed medical treatment and "botched" his surgery. (ECF No. 32.) In July 2017, the court dismissed plaintiff's second amended complaint and directed him to file an amended complaint within thirty days. Plaintiff moved for and was granted an additional sixty days in which to file an amended complaint. (ECF Nos. 48, 49.) The extension of time has expired and plaintiff has not filed an amended complaint, but has moved for the appointment counsel. (ECF No. 50.)

**MOTION TO APPOINT COUNSEL**

In support of his motion to appoint counsel, plaintiff states he is over seventy years old and has a multitude of health issues that prevent him from pursuing his claim. He also states he

suffers from glaucoma, "can't read the words," does not understand the legal language, is confined to a wheelchair, and is taken to outside hospitals for several days once or twice per month.

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. See Wood, 900 F.2d at 1335-36.

At this stage of the proceedings, with only plaintiff's dismissed complaints before it, the court is unable to make a determination that plaintiff is likely to succeed on the merits. Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) ("Without some evidence that he is likely to succeed at trail, plaintiff fails to satisfy Wilborn's first factor."). It does not appear based on plaintiff's dismissed complaints that this is a complex issue. He has alleged generally that he received inadequate medical treatment. The court is sympathetic to plaintiff's age and health conditions; however, those conditions are not sufficient to warrant the appointment of counsel at this stage of the proceedings. Accordingly, the court will deny the motion without prejudice at this time.

**AMENDED COMPLAINT**

In its July 11, 2017 order (ECF No. 46), the court granted plaintiff a final opportunity to amend his complaint. As the court has stated previously, to establish a claim for deliberate

indifference under the Eighth Amendment he must allege facts showing the following: (1) how each defendant was involved in his medical care; (2) why the care was inadequate; (3) how each defendant's actions, or inactions, demonstrate that they were deliberately indifferent to plaintiff's medical needs; and (4) what injury plaintiff suffered as a result of the inadequate medical care. (See Nov. 18, 2015 Order (ECF No. 12) at 5-6; Mar. 11, 2016 Order (ECF No. 19) at 4-5; Jul. 12, 2017 Order (ECF No. 46) at 5.)

Plaintiff is reminded that he must describe each defendant's action or inactions and explain why those actions or inactions were medically unacceptable. Plaintiff is also reminded that his third amended complaint must be complete in itself. The court may not refer back to plaintiff's prior complaints to try to determine whether he states cognizable claims. Plaintiff is warned that failure to file an amended complaint within thirty days of the date of this order may result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied without prejudice; and
2. Plaintiff is ordered to file an amended complaint within thirty days of the date of this order. Failure to file an amended complaint may result in a recommendation that the action be dismissed.

Dated: November 26, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 12
DLB1/prisoner-civil rights/hack2160.mta.

3