UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HACKNEY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTH CARE FACILITY, et al.,<br><br>Defendants. | No. 2:15-cv-2160 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment based on medical care he received in December 2013 at the California Health Care Facility ("CHCF"). Presently before the court is plaintiff's fourth amended complaint for screening. (ECF No. 55.)

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

2

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states his claim arose at CHCF, where he is currently incarcerated. Plaintiff names the following defendants: (1) Dr. Nguyen, (2) registered nurse ("RN") O. Ngan, (3) RN Prasad, and (4) Dr. Shehata, all employees at CHCF during the relevant time period.

Plaintiff states that on December 11, 2013 he felt discomfort when he urinated and noticed blood in his urine. (ECF No. 55 at 15.) RN Greenhorn responded to plaintiff's call for a nurse. Plaintiff showed Greenhorn the blood in his urine and Greenhorn notified plaintiff's primary care physician, Dr. Nguyen. Dr. Nguyen ordered Greenhorn to send a sample of plaintiff's urine to the on-site laboratory. Plaintiff claims the discomfort he felt when urinating increased between December 11, 2013 and December 13, 2013. Nguyen ordered another sample on December 13, 2013 after the laboratory lost the first sample. Plaintiff alleges he informed the nursing staff of his increased discomfort. Plaintiff claims Dr. Nguyen was also aware of plaintiff's continued discomfort because he scheduled an appointment for plaintiff with a urologist for Monday December 16, 2013.

Plaintiff states that by December 13, 2013 his bladder was full and distended due to his inability to urinate. Dr. Nguyen ordered Greenhorn to insert a catheter. Greenhorn attempted to insert the catheter several times, but was not successful. Dr. Nguyen instructed Greenhorn to call the emergency unit on the facility. Dr. Shehata, RN Ngan, and RN Prasad responded to the call.

3

Following Dr. Shehata's orders, Ngan and Prasad attempted to insert the catheter causing plaintiff pain and they continued in their attempt insert it after plaintiff asked them to stop. (ECF No. 55 at 16.)

Plaintiff claims that immediately following the insertion of the catheter, urine and large clumps of blood began to fill the bag. Dr. Shehata placed a request for plaintiff to receive outside medical treatment, but plaintiff was returned to his cell. Plaintiff claims two days later, on December 15, 2013, he was returned for further treatment. Under Dr. Shehata's supervision, Ngan and Prasad removed the catheter and inserted a new one. Plaintiff was then transported to an outside hospital where he was seen by Dr. Liu, a urologist. Plaintiff was diagnosed with a hematuria and scheduled for surgery the following morning.

Plaintiff claims during the December 16, 2013 surgery, Dr. Liu found a large tear in plaintiff's urethra caused by an improperly inserted catheter. Plaintiff alleges Dr. Liu stated plaintiff should have been sent to the hospital as soon as medical staff noticed large blood clots. Plaintiff alleges he suffered permanent damage to his bladder and reproductive organs as a result of defendants' actions.

**III.  Does Plaintiff State a Claim under 42 U.S.C. § 1983?**

**A. Legal Standards Under the Eighth Amendment**

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the defendant's response to that need was deliberately indifferent." Jett, 439 F.3d at 1096 (internal citations and quotations omitted). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, negligence in diagnosing or treating a medical condition does not give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**B. Analysis**

Plaintiff has alleged that defendants Dr. Shehat, Ngan, and Prasad failed to send plaintiff to the hospital after observing the emission of blood after they inserted the catheter. Plaintiff has further alleged that the insertion caused him to suffer a tear in his urethra requiring surgical intervention and that the delay in sending him to an outside hospital caused him to remain in pain for several days and ultimately resulted in permanent damage to his bladder and reproductive organs. Accordingly, the court finds that for the limited purposes of § 1915A screening, the fourth amended complaint states potentially cognizable Eighth Amendment claims against, Dr. Shehata, RN Ngan, and RN Prasad.

Plaintiff alleges Dr. Nguyen also failed to provide him with adequate medical care in violation of the Eighth Amendment. However, based on the facts stated in the amended complaint, Dr. Nguyen responded to plaintiff's symptoms, ordered testing, and called in the emergency team when Greenhorn was unable to insert a catheter. Plaintiff has failed to state facts showing that Nguyen was not responsive to his medical needs or that the treatment he ordered was medically unacceptable under the circumstances. See Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Jackson, 90 F.3d at 332 (internal citations omitted) (Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."). The court finds that plaintiff has failed to state a claim against Dr. Nguyen.

Previous screening orders instructed plaintiff on the applicable standard and informed plaintiff that any amended complaint must show what Nguyen did that was so medically unacceptable that it shows Nguyen acted with deliberate indifference. (See ECF Nos. 12, 46.) However, the fourth amended complaint fails to allege any facts showing Nguyen acted with deliberate indifference. Accordingly, the court will recommend that defendant Nguyen be dismissed from this action with prejudice because he has failed to state a claim upon which relief may be granted against this defendant and the deficiencies cannot be cured by further amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

**IV. Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The allegations in the fourth amended complaint are sufficient to state potentially cognizable claims against defendants Shehata, Ngan, and Prasad. See 28 U.S.C. § 1915A. Service is appropriate for defendants Shehata, Ngan, and Prasad.

2. The Clerk of the Court shall provide to plaintiff a blank summons a copy of the fourth amended complaint filed December 29, 2017 (ECF No. 55), and three USM-285 forms and instructions for service of process on defendants Shehata, Ngan, and Prasad.

3. Within thirty days of the date of this order plaintiff shall return the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. Three completed summons;

    c. Four copies of the endorsed complaint filed December 29, 2017.

6

4. Plaintiff shall not attempt to affect service of the complaint on defendant or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that defendant Dr. Nguyen be dismissed from this action with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 12
DLB1/prisoner-civil rights/hack2160.4AmCompl.scrn